FILED
IN OPEN COURT

MAY 27 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 4:21-cr-26 |
| | ) |
| RICHARD M. YANEK, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

By signing below, the parties stipulate that the allegations in the Criminal Information and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt, by competent and admissible evidence.

### Background

1. The Internal Revenue Service ("IRS") is an agency within the Department of the Treasury responsible for administering and enforcing the tax laws of the United States and collecting taxes owed to the Treasury of the United States by its citizens and other entities. Revenue Officers are employees of the IRS Collections Division and are tasked with collecting unpaid taxes. The IRS Examinations Division is tasked with assessing unpaid taxes. IRS Special Agents are criminal investigators tasked with investigating violation of the U.S. tax code.

2. From in or about January 2011 through December 2020, RICHARD M. YANEK, the defendant herein, resided and worked in Virginia Beach, Virginia, within the Eastern District of Virginia.

3. From in or about July 1995 through December 2020, YANEK owned and

1

operated a credit card processing business under the names Cardservice of Virginia, Inc., and Merchant Central, Inc., doing business as First Data Independent Sales. Each of these businesses was owned solely by YANEK.

4. The nature of YANEK's business was providing credit card processing to merchants. YANEK managed the operations of the businesses, supervised employees, and had sole control over the business bank accounts which were located at BB&T.

### Interactions with the Internal Revenue Service

5. From in or about November 2002 through September 2019, YANEK and his businesses were the subject of numerous collection efforts by the Collections Division of the IRS for YANEK's failure to pay over employment taxes. Over this period, several IRS Revenue Officers were assigned to YANEK's collection efforts and attempted to bring him into compliance. Revenue Officers met with YANEK on multiple occasions, spoke with him by phone, and corresponded by mail and fax. At times, Revenue Officers placed levies on YANEK's business bank accounts in attempts to collect the employment taxes that he owed.

6. On occasion, YANEK made voluntary payments and agreed to payment plans, but he eventually defaulted and had to be placed back in the inventory for IRS Collections.

7. In or about January 2013, the Department of Justice Tax Division (DOJ Tax) filed a civil complaint against YANEK. The IRS Examinations Division referred the case to DOJ Tax alleging that YANEK owed personal income taxes for the 2001, 2002, and 2003 tax years.

8. On or about October 10, 2014, YANEK sent an e-mail to DOJ Tax that contained copies of his 2011 and 2012 personal tax returns. When the attorney asked how they had been filed, YANEK falsely stated, "They were sent by mail a couple of months ago." In fact, the



returns had not been filed.

9. DOJ Tax moved forward with the case against YANEK, and on or about August 18, 2017, he was deposed in Norfolk, Virginia. YANEK testified that all his personal tax returns had been filed, and when confronted with evidence that they were not, he falsely stated that he could not explain why they had not been filed because "the returns have been done."

10. In or about September 2017, YANEK agreed to begin making monthly payments of $10,000 on the judgment. YANEK has made payments totaling $380,000 since October 2017. The payments, however, have been outpaced by the interest, which continues to accrue on the unpaid amount.

11. On or about October 2, 2017, another Collections case was opened on YANEK and his businesses. At that point, YANEK's failure to pay over employment taxes to the IRS for his employees encompassed the tax years 2011 through 2018. On or about January 24, 2018, the IRS Revenue Officer advised YANEK that his business and personal tax returns had not been filed in years. YANEK stated that he was getting the delinquent returns from his accountant and would provide them to the Revenue Officer. On or about March 14, 2018, YANEK met with the Revenue Officer. The Revenue Officer asked YANEK to make at least a partial payment on his unpaid employment tax balance. YANEK stated that he could not. YANEK did, however, begin making small payments the following week.

12. On or about August 7, 2018, YANEK met again with the Revenue Officer. He provided the Revenue Officer with an IRS Form 433-A, which was signed by YANEK under penalty of perjury. The form required him to list all his personal bank accounts. YANEK failed to disclose a corporate bank account that he had opened in January of 2017 in the name of

3

Partner Payments, LLC, which he was using to pay personal expenditures.

### YANEK's Failure to Pay Business Taxes

13. Between the 3rd quarter of 2013 through the 3rd quarter of 2018, YANEK's business incurred employment tax liabilities of $1,095,373.65. YANEK's business also incurred unemployment tax liabilities of $123,771.96 for tax years 2012 through 2017. The total employment and unemployment taxes incurred for these periods was $1,219,145.61. Credits and payments totaling approximately $432,087.08 were applied towards these amounts leaving outstanding tax of approximately $802,402.46. With penalties and interest, the current total outstanding business taxes owed by YANEK's business is approximately $1,658,475.83 with an additional $73,168.60 of accrued penalties and interest to bring the total business liabilities to approximately $1,731,644.43. Each year, YANEK provided employment tax forms (IRS Form W2) to his employees (approximately 18 people) at Merchant Central, but did not consistently pay over to the IRS the withholding amounts shown on those forms. His employees, believing that the tax forms were correct, filed their own tax returns with the belief that the funds withheld from their wages by their employer each year were being placed in their Social Security accounts for them to access in retirement. In 2018, Yanek met with a Revenue Officer, who set up a Trust Account for tax year 2017, to which he paid $145,000 from March 2018 to June 2018, plus $4,038 in penalties. From June 2019 through December 2020, Yanek made payments of approximately $65,000 towards a tax year 2018 Trust Account, and $124.78 in penalties. This was a fraction of the amount outstanding.

### YANEK's Failure to File to Tax Returns

14. Until recently, YANEK had not filed a personal income tax return or paid personal

4

income tax since 2010 despite earning and spending millions of dollars on the mortgage for his oceanfront home, personal credit cards, private school tuition for his children, and golf and yacht club dues.

15. YANEK did have his personal and business tax returns prepared by his accountant for some years. He provided his personal income and deduction information to his accountant. In or about 2012, YANEK directed his accountant to prepare his 2011 Form 1040 tax return. The return was completed and provided to YANEK. The tax due and owing shown on the return was $87,357.00. YANEK willfully chose not to file this tax return with the IRS.

16. In or about 2013, YANEK directed his accountant to prepare his 2012 Form 1040 tax return. The return was completed and provided to YANEK. The tax due shown on the return was $212,149.00. YANEK willfully chose not to file this tax return with the IRS.

17. In or about 2014, YANEK directed his accountant to prepare his 2013 Form 1040 tax return. The return was completed and provided to YANEK. The tax due and owing shown on the return was $310,473.00. YANEK willfully chose not to file this tax return with the IRS.

18. In or about 2015, YANEK directed his accountant to prepare his 2014 Form 1040 tax return. The return was completed and provided to YANEK. The tax due and owing shown on the return was $150,789.00. YANEK willfully chose not to file this tax return with the IRS.

19. In or about 2016, YANEK directed his accountant to prepare his 2015 Form 1040 tax return. The return was completed and provided to YANEK. The tax due and owing shown on the return was $49,781.00. YANEK willfully chose not to file this tax return with the IRS.

20. YANEK did not direct his accountant to prepare or otherwise file tax returns for tax years 2016, 2017, 2018, and 2019.



### YANEK's Use of the 2012 Tax Return

21. In or about June 2015, YANEK applied for a loan modification with his mortgage holder, Nationstar Mortgage. YANEK claimed that "due to the economy" he had a "reduction of income," and that he "needed help" to keep his home. As part of the application, YANEK submitted his unfiled 2012 personal tax return to Nationstar. YANEK signed the return, making it appear as if it had been filed with the IRS. The prepared 2012 return provided to YANEK by his accountant showed Total Income of $733,435.00. On the return YANEK provided to Nationstar, he changed the "7" to a "1" which reduced Total Income to $133,435.00. In or about November 2015, Nationstar approved YANEK's loan modification request and reduced his mortgage payments.

### YANEK's Bank Account Activity

22. YANEK maintained three business bank accounts at BB&T in the names of Cardservice of VA, Inc., Merchant Central, Inc., and Partner Payments, Inc.

23. During this time period, YANEK used these bank accounts to pay over $231,000.00 towards his mortgage, and for other personal expenses, primarily charged to credit cards held by his wife, T.Y. Between in or about January 2017 and December 2019, YANEK made payments from his business bank accounts to a Citi Bank credit card in the name of T.Y. totaling $577,095.16. He made additional payments to an American Express credit card in the name of T.Y. totaling $4,996,288.98, which included personal and business expenditures. Certain charges on these credit cards reflect purchases of luxury retail items, travel, international resorts, plastic surgery, and high-end dining totaling thousands of dollars per night.

24. On or about March 15, 2018, one day after telling the IRS Revenue Officer that

he could not make any payments on his employment tax deficiency, YANEK charged $1,178.50 on T.Y.'s American Express card for Washington Nationals baseball tickets.

25. From in or about 2015 through 2019, YANEK made payments totaling $479,147.00 in private school tuition for his children. He made payments totaling $153,191.00 in payments to golf and yacht clubs.

### YANEK's Misleading Statements to the IRS

26. On or about August 7, 2018, YANEK met with an IRS Revenue Officer in Hampton, Virginia, and provided a signed IRS Form 433-A, where he was required to list personal bank accounts. On it, he listed three bank accounts at SunTrust, all having de minimis balances. He failed to list the Partner Payments corporate bank account, even though he had been using that account to pay personal expenditures for over a year and a half.

27. The Revenue Officer had discovered the existence of the Partner Payments account, so she asked YANEK about it. YANEK claimed that he had registered the Partner Payments business name because he thought he was going to have to change Merchant Central's business name, but that he ended up not needing to change it.

28. When asked by the Revenue Officer why his business and personal tax returns were still unfiled, YANEK stated that they would be ready in 30 days.

29. When asked why he had struggled to pay over employment taxes, YANEK falsely stated that "times were tight."

30. YANEK was interviewed by an IRS Special Agent on January 15, 2020. When asked why he had not filed tax returns for almost 10 years, YANEK falsely claimed not to know why his accountant had not filed his tax returns.

7



## Conclusion

31. The approximate tax due and owing resulting from YANEK's failure to file personal tax returns for 2011 through 2015 is at least $810,549.00.

32. The approximate tax due and owing, including accrued penalties and interest, resulting from YANEK's failure to pay business taxes is $1,731,644.43.

33. The acts taken by the defendant, RICHARD M. YANEK, in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case.

8



Respectfully Submitted,

Raj Parekh
Acting United States Attorney

By: *[signature]*

Howard J. Zlotnick
Managing Assistant United States Attorney

D. Mack Coleman
Assistant United States Attorney


Defendant's Signature: After consulting with my attorney and pursuant to the plea agreement entered into this day between myself, the United States and my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
RICHARD M. YANEK
Defendant

Defense Counsel's Signature: We are the attorneys for defendant RICHARD M. YANEK. We have carefully reviewed the above Statement of Facts with him. To the best of our knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Counsel for Defendant

_____
Counsel for Defendant